IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
at MEMPHIS

| | | |
|---|---|---|
| TAMIKA GUY HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE at MEMPHIS

Pursuant to 28 U.S.C. § 1441(a), *et seq.*, Defendant, Life Insurance Company of North America ("LINA"), files this Notice of Removal of this action from State Court to this Court and respectfully state as follows:

1. On December 1, 2006, Plaintiff, Tamika Guy Hawkins, ("Plaintiff"), commenced an action against LINA in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis, under the style *Tamika Guy Hawkins v. Life Insurance Company of North America,* Docket No. CH 06-2331 (the "Civil Action"). The Civil Action is still pending in the State Court.

2. LINA first received a copy of the Summons and Complaint in the Civil Action, by service or otherwise, on December 13, 2006. Copies of the Summons and Complaint filed in the Civil Action are attached hereto as Exhibit A. The documents

which comprise Exhibit A constitute all process, pleadings and orders served on LINA in the Civil Action to date.

3. Removal is timely in this matter in that:

(a) Pursuant to 28 U.S.C. § 1446(b), LINA is required to file its Notice of Removal within thirty days after service of the Complaint.

(b) LINA did not receive a copy of the Summons and Complaint in the Civil Action, by service or otherwise, prior to December 13, 2006.

(c) Pursuant to 28. U.S.C. § 1446(b), LINA must file its Notice of Removal on or before January 12, 2007 (30 days after service of the Complaint).

(d) Accordingly, LINA, by timely filing its Notice of Removal on or before January 12, 2007, has complied with the provisions of 28 U.S.C. § 1446(b).

4. LINA, to date, has made no appearance in the Civil Action in State Court.

5. The Civil Action is one of which the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and removal jurisdiction pursuant to 29 U.S.C. § 1441 in that:

(a) LINA, both at the time of filing of the Civil Action and as of the date of filing of this Notice, was and is a corporate citizen of the State of Pennsylvania, in that it is and was incorporated in the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania;

(b) Plaintiff, at the time of filing of the Civil Action as of the date of filing this Notice, was and is a citizen of the State of Mississippi;

(c) Diversity of citizenship exists between all parties properly joined in that they are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs; and

(d) This action is within the original jurisdiction of the Court pursuant to the provisions of 28 U.S.C. § 1332.

6. In addition, the Civil Action is one of which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and removal jurisdiction pursuant to 28 U.S.C. § 1441 in that:

   (a) The Complaint asserts a claim to recover benefits, to enforce rights, and/or to clarify rights to future benefits under the terms of a life insurance policy that constitutes an "employee welfare benefit plan" which is governed exclusively by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001, *et seq.*;

   (b) The plan is established or maintained by the employer as defined by ERISA, and plaintiff purports to be a beneficiary of the plan as defined by ERISA, 29 U.S.C. § 1002(1);

   (c) Plaintiff's sole remedy against LINA, if any, for losses suffered and benefits claimed arises under ERISA, 29 U.S.C. § 1132 (a)(1)(B), and, accordingly, any state law claim for benefits is preempted and displaced by the civil enforcement provision of ERISA, Section 502, 29 U.S.C. § 1132, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987);

   (d) This Court has jurisdiction over Plaintiff's claim for benefits under the civil enforcement provision of ERISA, 29 U.S.C. § 1132(e)(1), which gives this Court jurisdiction without respect to the amount in controversy or the citizenship of the parties; and

   (e) The Civil Action is within the original jurisdiction of this Court pursuant to the provisions of 28 U.S.C. § 1331.

7. LINA has filed this Notice prior to the expiration of thirty (30) days following the receipt of a copy of the Summons and Complaint.

8. LINA will give written notice to Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis. LINA attaches a copy of the Notice of Filing of Notice of Removal as Exhibit B.

9. LINA waives no defenses, including jurisdictional defenses, by filing this Notice of Removal.

WHEREFORE, Defendant, Life Insurance Company of North America, prays that the Civil Action now pending against it in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis be removed therefrom to this Court.

DATED this 5th day of January, 2007.

Respectfully submitted,

s/Leigh M. Chiles
LEIGH M. CHILES (BPR 025809)
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Ave., Suite 2000
Memphis, Tennessee 37103
(901) 577-2207
(901) 577-2303 *Facsimile*

*Attorneys for Defendant,*
*Life Insurance Company of North America*

OF COUNSEL:

CAMERON S. HILL (BPR 017408)
Baker, Donleson, Bearman, Caldwell & Berkowitz, P.C.
1800 Republic Centre
633 Chestnut Street
Chattanooga, TN 37450-1800
(423) 756-2010