## CHANCERY COURT OF TENNESSEE
### 140 ADAMS AVENUE   MEMPHIS, TENNESSEE 38103
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS   RECEIVED
### SUMMONS IN CIVIL ACTION

NO. __CH-06-2331-1__   AD DAMNUM $_____   AUTO/OTHER  DEC 27 2006

__TAMIKA GUY HAWKINS__                                    GROUP LITIGATION DEPT.
  PLAINTIFF                                                Home Address
VS                                                        _____
                                                          Business Address

__LIFE INS CO OF NORTH AMERICA__                          _____
                                                          Home Address
  DEFENDANT                                               _____
                                                          Business Address

TO THE DEFENDANT(S): __LIFE INSURANCE COMPANY OF NORTH AMERICA__
__SERVE THROUGH: COMMISSIONER OF INSURANCE- 500 JAMES ROBERTSON BLVD__
__VOLUNTEER PLAZA__
__NASHVILLE, TN 37243__

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on

                    ROBERT HARDY, JR.

Plaintiff's attorney, whose address is: __100 N MAIN BUILDING, SUITE 2601, MEMPHIS, TN 38103__

within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

DEWUN R. SETTLE, Clerk and Master

ATTESTED AND ISSUED
  1 DECEMBER 2006              By _____ D.C.

TO THE DEFENDANT(S):
NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following: Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND
I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.

Witness My hand this _____ day of _____ 20___
Certification when applicable                                     _____
                                                                    Surety
I, DEWUN R. SETTLE, Clerk and Master
of the Chancery Court, Shelby County Tennessee
certify this to be a true and accurate copy filed
this __December__
DEWUN R. SETTLE, Clerk and Master
by _____ D.C.


DEFENDANT'S EXHIBIT A

12/28/2006 14:04 FAX 8602261769      CIGNA LEGAL                                    ☒005

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| TAMIKA GUY HAWKINS ) | |
| Plaintiff ) | |
| ) | |
| VS. ) | DOCKET NO. CH 06-2331 |
| ) | PART 1 |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA ) | |
| ) | |
| Defendants ) | |

### COMPLAINT FOR BREACH OF CONTACT AND /OR
### BAD FAITH DENIAL OF INSURANCE CLAIM

Comes Now the Plaintiff, Tamika Guy Hawkins, by and through counsel and for cause of action against the Defendants, Life Insurance Company of North America, would charge and allege unto the Court as follows:

1. At the time of the incidents described in the Complaint, Plaintiff was an adult resident of Shelby County, Tennessee. Plaintiff currently resides at 8471 Ansley Park Lane, Southaven, Mississippi.

2. The Defendant, Life Insurance Company of North America, now is and at all times relevant to this action was, a corporation duly organized and existing under the laws of Pennsylvania, authorized by the Commissioner of the Tennessee Department of Commerce and Insurance to engage in the business of writing and selling insurance in Memphis, Shelby County, Tennessee and can be served with process through the Tennessee Commission of Insurance.

3. This Court has jurisdiction over the present matter as the occurrences giving rise to the present cause of action occurred in Memphis, Tennessee.

4.   Venue in the instant case is properly found in Shelby County, Tennessee, pursuant to T.C.A. 20-4-101, et. Seq.

5.   On or about September 21, 2004, Defendant, for valuable consideration issued to Plaintiff a life insurance policy on the life of her husband, Marcus D'Angelo Hawkins in the sum of $300,000.00, which provided among other things, that the defendant would pay unto Plaintiff the sum of $300,000.00 on due notice and proof of Marcus D'Angelo Hawkins' death. A copy of such policy is attached, marked Exhibit "1", and incorporated by reference.

6.   On May 8, 2005, while the policy was in full force and effect, Marcus D'Angelo Hawkins died in Memphis, Shelby County, Tennessee in an automobile accident.

7.   On or about June 7, 2005, Plaintiff gave defendant due notice and proper proof of the death of Marcus D'Angelo Hawkins.

8.   All the conditions of the policy have been performed by plaintiff and Marcus D'Angelo Hawkins and though more than 16 months have elapsed since Plaintiff furnished the defendant with notice and proof of the death; the defendants have failed to pay the Plaintiff the sum due on the policy, or any part of it.

9.   The defendant's refusal to honor the terms of its policy and pay Plaintiff her due benefits was done in bad faith.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment against the defendant in the sum of THREE HUNDRED THOUSAND DOLLARS ($300,000.00), with interest on such sum from June 7, 2005 as well as for attorney fees and costs on this action any further relief to which this Honorable Court finds just

and proper. Alternatively, if this Honorable Court finds that the defendant's refusal to honor the terms of the policy was done in bad faith, in addition to the damages as set forth above, Plaintiff prays for any and all punitive or multiple damages to which she may be entitled to under law.

Respectfully Submitted;

*/s/ Robert Hardy/*
Robert Hardy, # 02366
Kenneth Margolis, #22906
Handel R. Durham, #10949
Attorneys for Plaintiff
100 North Main Street, #2601
Memphis, Tennessee 38103
PH: (901) 543-0866